ELECTRONICALLY FILED
Washington County Circuit Court
Kyle Sylvester, Circuit Clerk
2026-Mar-13 17:36:21
72CV-26-1172
C04D01 : 26 Pages

**IN THE WASHINGTON COUNTY ARKANSAS CIRCUIT COURT**
**CIVIL DIVISION**

**MASON STEPHEN ARORA,**

**PLAINTIFF**

**v.** **CASE NO. CV-26-___**

**CBTR INVESTMENTS, INC.**
**D/B/A PHAT TIRE BIKE SHOP,**

**DEFENDANT**

## COMPLAINT

COMES NOW the Plaintiff, Mason Stephen Arora, by and through undersigned counsel, and for his Complaint states as follows:

## I. INTRODUCTION

1. Plaintiff Mason Stephen Arora ("Mr. Arora") brings this action individually; on behalf of all similarly situated employees pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"); and on behalf of a class pursuant to Arkansas Rule of Civil Procedure 23 for violations of the Arkansas Minimum Wage Act ("AMWA"), seeking to recover unpaid wages and overtime compensation wrongfully withheld and to obtain declaratory relief pursuant to Amendment 80 of the Arkansas Constitution.

## II. JURISDICTION AND VENUE

2. Mr. Arora is a resident of Washington County, Arkansas.
3. Phat Tire is a domestic for-profit corporation registered to do business in Arkansas, with its principal place of business in Bentonville, Arkansas.
4. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to the Arkansas Constitution, including Amendment 80, §6(A), which establishes circuit courts as the trial courts of original jurisdiction for all justiciable matters not otherwise assigned.

5. This Court has concurrent jurisdiction over Plaintiff's claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., including collective action claims brought pursuant to 29 U.S.C. § 216(b).

6. This Court has subject-matter jurisdiction over Plaintiff's claims under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq*., including claims for unpaid overtime, statutory penalties, and wages due upon termination under Ark. Code Ann. § 11-4-405.

7. This Court has jurisdiction to grant declaratory relief pursuant to the Arkansas Declaratory Judgment Act, Ark. Code Ann. § 16-111-101 *et seq.*, and pursuant to Amendment 80 of the Arkansas Constitution, including authority to determine the constitutionality of legislative enactments as applied in cases properly before it.

8. This Court has personal jurisdiction over Defendant because Defendant is a domestic corporation organized under Arkansas law, maintains its principal place of business in Arkansas, operates business locations within Arkansas, and employed Plaintiff and members of the FLSA Collective and Rule 23 Class within this State. The claims asserted arise out of Defendant's business activities and employment practices within Arkansas.

9. Venue is proper in Washington County pursuant to Ark. Code Ann. § 16-60-101 *et seq*. because Plaintiff resides in Washington County and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district, including the implementation of Defendant's compensation policies and the failure to pay earned wages, bonuses, and overtime.

## III. FACTUAL ALLEGATIONS

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. Plaintiff restates and incorporates the preceding paragraphs of his Complaint herein by reference.

11. At all times relevant, Defendant engaged in interstate commerce with an annual volume of sales of not less than $500,000, and Defendant constitutes an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

12. At all times relevant, Defendant has been an "employer" engaged in interstate commerce and/or production of "goods" for "commerce" within the meaning of FLSA, 29 U.S.C. § 203.

13. Plaintiff brings this action on behalf of himself and all other similarly situated employees pursuant to 29 U.S.C. § 216(b).

14. Plaintiff seeks to represent a company-wide collective action of all persons who worked for or work for Phat Tire and who were/are subject to Phat's Tire's unlawful pay practices and policies described herein at any point during the applicable limitations period, including three (3) years preceding the filing of this Complaint for willful violations.

15. Plaintiff seeks to represent the first collective group, ("Bonus and Overtime Collective") defined as:

> "All current and former employees of Defendant who, during the relevant limitations period, were eligible to earn nondiscretionary, performance-based bonuses pursuant to Defendant's written bonus systems or compensation policies and were not paid all earned bonuses and/or were not paid overtime compensation properly calculated to include such bonuses."

16. The members of the Bonus and Overtime Collective are similarly situated because they were subject to Defendant's common compensation policies and practices, including

policies regarding the payment of nondiscretionary bonuses and the calculation of overtime wages.

17. Defendant maintained uniform payroll and compensation policies that resulted in the failure to include nondiscretionary bonuses in the regular rate of pay when calculating overtime compensation for Plaintiff and other similarly situated employees.

18. The Bonus and Overtime Collective members were subjected to these common policies and suffered similar injuries in the form of unpaid wages and overtime compensation.

19. Plaintiff also seeks to represent a second collective ("Retaliation Collective") defined as:

> "All current and former employees of Defendant who, during the applicable limitations period, complained about unpaid wages, bonuses, or overtime compensation protected under the FLSA and were thereafter discharged, disciplined, or otherwise subjected to adverse employment action."

20. The Retaliation Collective Members are similarly situated because they were subjected to a common policy or practice of retaliating against employees who engaged in protected activity under 29 U.S.C. § 215(a)(3).

21. Plaintiff will seek conditional certification of both the Bonus and Overtime Collective and the Retaliation Collective and court-authorized notice pursuant to 29 U.S.C. § 216(b).

**AMWA CLASS ACTION ALLEGATIONS**

22. Plaintiff restates and incorporates the preceding paragraphs of his Complaint herein by reference.

23. Plaintiff brings his claims under the Arkansas Minimum Wage Act ("AMWA") individually and on behalf of a class pursuant to Arkansas Rule of Civil Procedure 23 (the "Rule 23 Class").

24. Mr. Arora seeks to represent a class of all persons who worked or work for Phat Tire as employees eligible for nondiscretionary performance-based bonuses pursuant to Defendant's written bonus system or compensation policies.

25. Plaintiff seeks certification of the following Rule 23 Class:

> "All individuals who, during the applicable limitations period, were employed by CBTR Investments, Inc. d/b/a Phat Tire Bike Shop in Arkansas, were eligible to earn nondiscretionary performance-based bonuses pursuant to Defendant's written bonus systems or compensation policies, and were denied payment of earned bonuses and/or were not paid overtime compensation properly calculated to include such bonuses in the regular rate of pay."

26. The "applicable limitations period" includes the maximum period permitted under Arkansas law for claims arising under the Arkansas Minimum Wage Act preceding the filing of this Complaint.

27. The class is so numerous that the joinder of all class members is impracticable. Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be 40.

28. The common questions of law and fact for each member of the Rule 23 Class predominate over questions that affect only individual members of the class. The questions of law and fact common to the class include: (a) whether Defendant maintained uniform bonus systems or compensation policies that established objective criteria for earning nondiscretionary bonuses; (b) whether Defendant failed to pay earned nondiscretionary bonuses to Class Members in accordance with those compensation policies and payroll

practices; (c) whether Defendant failed to include nondiscretionary bonuses in the regular rate of pay when calculating overtime compensation under the AMWA; (d) whether Defendant's uniform payroll practices resulted in systematic underpayment of wages; (e) whether Defendant's uniform compensation and payroll policies resulted in the withholding of earned wages upon termination, including nondiscretionary bonuses and overtime, in violation of Ark. Code Ann. § 11-4-405; and (f) whether Defendant's conduct was willful or in bad faith.

29. Plaintiff's claims are typical of the claims of the putative plaintiffs because Plaintiff, like all Class members, was employed by Defendant, was subject to Defendant's uniform compensation policies, and was denied payment of earned nondiscretionary, performance-based bonuses and corresponding overtime compensation calculated without inclusion of such bonuses.

30. Plaintiff will fairly and adequately protect the interests of the putative plaintiffs because his interests are consistent with and not contrary to those of the class. Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant.

32. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

## BONUS AND OVERTIME ALLEGATIONS

33. Mr. Arora and the putative plaintiffs were employed by Defendant as Production Technicians and other similarly situated positions.

34. Mr. Arora and the putative class members were paid a regular hourly rate and were eligible to receive quarterly, nondiscretionary, performance-based bonuses pursuant to the Phat Tire 2024 Bonus System and similar bonus systems implemented in other years (collectively, the "Bonus System").

35. During the second quarter of 2024 (April 1 – June 30), Mr. Arora worked 417.38 hours.

36. For the second quarter of 2024, Mr. Arora qualified for three bonuses: the Profit Bonus, the Labor/Hour Bonus, and the Average Work Order Bonus.

37. To qualify for any bonus, an employee was required to maintain Trek Guide status each month of the quarter and have no unpaid layaways. *See* the 2024 Bonus System attached as **Exhibit A**.

38. To receive the Profit Bonus, an employee was additionally required to average at least twenty (20) hours per week and the local shop had to meet its quarterly profit goal. *See* **Exhibit A**.

39. To receive the Labor/Hour Bonus, an employee was additionally required to complete a minimum of eighty (80) work orders in the quarter. *See* **Exhibit A**.

40. To receive the Average Work Order Bonus, an employee was additionally required to complete at least eighty (80) work orders and maintain "90%+ labor on work orders." *See* **Exhibit A**.

41. Each bonus was incremental and nondiscretionary, increasing in value when an employee met fixed, objective performance benchmarks[1]. *See* **Exhibit A**.

42. For the second quarter of 2024, Defendant paid Mr. Arora the Profit Bonus and Labor/Hour Bonus but refused to pay the Average Work Order Bonus, despite Mr. Arora meeting all listed requirements.

43. Specifically, Mr. Arora maintained Trek Guide status each month, had no unpaid layaways, completed more than eighty (80) work orders, maintained 90%+ labor on work orders, and achieved an average work order value of $313.00, exceeding the $275.00 threshold entitling him to an additional four dollars ($4.00) per hour.

44. Mr. Arora inquired about the unpaid bonus, and shortly thereafter, Defendant terminated him.

45. At a hearing before the Arkansas Department of Labor and Licensing, Defendant claimed it withheld the bonus because Mr. Arora was "dishonest" and allegedly missing "low value tickets" in his quarterly numbers. *See* Arkansas Department of Labor Order attached as **Exhibit B** ¶ 8.

46. The Department found that Defendant failed to explain what minimum number of "low value tickets" was required, failed to show any decrease in the value of Mr. Arora's tickets in the second quarter compared to prior quarters, and could not articulate how any such

---

[1] For example, if an employee's average work order was valued at one hundred sixty dollars ($160.00), they would receive an additional one dollar ($1.00) per hour. If their average work order was valued at two hundred thirty-five dollars ($235.00), they would receive an additional three dollars ($3.00) per hour. *See* **Exhibit A**.

decrease disqualified Mr. Arora from the bonus when he met all listed requirements. See **Exhibit B** ¶ 8.

47. While the second-quarter bonus dispute was resolved through the Department of Labor, Defendant has not compensated Mr. Arora for the overtime recalculation to which he is entitled[2].

48. During the third quarter of 2024 (July 1–September 30), Mr. Arora worked 428.08 hours and again qualified for the Profit Bonus, Labor/Hour Bonus, and Average Work Order Bonus.

49. To date, Defendant has failed to pay Mr. Arora any of the bonuses he earned during the third quarter of 2024.

50. Mr. Arora satisfied the initial bonus requirements by maintaining Trek Guide status each month and having no unpaid layaways.

51. With respect to the Profit Bonus, Mr. Arora averaged more than twenty (20) hours per week, and upon information and belief, the local shop met its profit goal, as all other employees, except Mr. Arora, received the additional one dollar ($1.00) per hour.

52. With respect to the Labor/Hour Bonus, Mr. Arora completed eighty-two (82) work orders, exceeding the minimum requirement and entitling him to an additional eight dollars ($8.00) per hour.

53. With respect to the Average Work Order Bonus, Mr. Arora achieved an average work order value of two hundred and eighty-three dollars and sixty-four cents ($284.64), surpassing the $275.00 threshold and entitling him to an additional four dollars ($4.00) per hour.

[2] The 2024 Bonus System provides that bonuses are "only paid on regular hours, not on overtime hours or PTO." A plain reading of this provision indicates that overtime hours are excluded from the calculation of the bonus itself; it does not impose any limitation on including earned bonuses in the calculation of overtime compensation.

54. In total, Mr. Arora earned an additional thirteen dollars ($13.00) per hour for all hours worked during the third quarter. Based on 428.08 hours worked, he is owed bonus compensation of five thousand five hundred sixty-five dollars and four cents ($5,565.04), exclusive of overtime recalculations required under federal and state law.

55. Plaintiff's experience is illustrative of the Classes. Upon information and belief, other putative plaintiffs who satisfied the Bonus System requirements were also denied payment of some or all earned bonuses, and Defendant failed to include such bonuses in calculating overtime compensation, in violation of the AMWA and FLSA.

56. As evidence of Mr. Arora's entitlement to overtime payment for the third quarter, paystubs are attached as **Exhibit C**. These paystubs reflect a regular hourly rate of eighteen dollars and forty-five cents ($18.45). When combined with the earned thirteen-dollar ($13.00) hourly bonus, Mr. Arora's regular rate for overtime purposes was thirty-one dollars and forty-five cents ($31.45), entitling him to overtime compensation at a rate of forty-seven dollars and seventeen cents ($47.17) per hour for hours worked in excess of forty (40) in a workweek.

57. Upon information and belief, Defendant maintained uniform employment and payroll policies that applied to Plaintiff and putative plaintiffs, which resulted in widespread underpayment of earned bonuses and overtime compensation.

58. As a result of Defendant's uniform policies and practices, Plaintiff and putative plaintiffs have been deprived of earned compensation, including bonuses and overtime pay, and are entitled to recover damages, liquidated damages, and other remedies under the AMWA, FLSA, and applicable Arkansas law.

59. Again, Plaintiff inquired about unpaid bonuses earned under the Phat Tire 2024 Bonus System and raised concerns regarding the failure to include nondiscretionary bonuses in his overtime calculations, which culminated in his termination on or about October 8, 2024.

60. Upon information and belief, Plaintiff's termination was part of a broader pattern and practice by Defendant of retaliating against employees who complained about unpaid wages, bonuses, or overtime, which is representative of the experiences of the Retaliation Collective.

## IV. CAUSES OF ACTION

### COUNT I: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF 29 U.S.C. § 207

61. Plaintiff, individually and on behalf of the Bonus and Overtime Collective, realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

62. At all relevant times, Defendant was an "employer," and Plaintiff and members of the Bonus and Overtime Collective were "employees," within the meaning of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 203(d) and § 203(e).

63. Pursuant to 29 U.S.C. § 207(a)(1), employers must compensate employees for all hours worked in excess of forty (40) hours per workweek at a rate of one and one-half (1.5) times the employee's regular rate of pay.

64. Plaintiff and putative plaintiffs regularly worked more than forty (40) hours in a workweek while employed by Defendant.

65. Defendant was under the obligation to pay Plaintiff and putative plaintiffs nondiscretionary bonuses, including performance-based or production-based bonuses under Defendant's written bonus policies.

66. Defendant failed to include these nondiscretionary bonuses in the "regular rate of pay" when calculating overtime compensation owed to Plaintiff and the putative plaintiffs for hours worked over forty (40) in a workweek.

67. By excluding nondiscretionary bonuses from the regular rate, Defendant underpaid Plaintiff and putative plaintiffs for overtime hours worked.

68. Defendant's failure to pay overtime at one-and-one-half times the properly calculated regular rate constitutes a violation of 29 U.S.C. § 207.

69. Defendant's violations were willful because it knew or showed reckless disregard for whether its pay practices complied with federal and state wage laws.

70. As a result of Defendant's unlawful conduct, Plaintiff and putative plaintiffs are entitled to recover unpaid overtime wages, liquidated damages as provided by 29 U.S.C. § 216(b), reasonable attorneys' fees and costs, and all other relief permitted by law.

**COUNT II: RETALIATION IN VIOLATION OF 29 U.S.C. § 215**

71. Plaintiff, individually and on behalf of the Retaliation Collective, realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

72. Pursuant to 29 U.S.C. § 215(a)(3), it is unlawful for an employer to discharge or discriminate against any employee for asserting rights under the FLSA.

73. Plaintiff and the Retaliation Collective engaged in protected activity by complaining to Defendant about unpaid wages, bonuses, and/or improper overtime compensation.

74. Following these complaints, Plaintiff and members of the Retaliation Collective were subjected to adverse employment actions, including termination, discipline, or other forms of retaliation

75. Specific to Plaintiff, shortly after Plaintiff made wage-related complaints, Defendant terminated his employment.

76. The close temporal proximity between protected activity and the adverse actions supports a causal connection between the two.

77. Defendant lacked a legitimate, non-retaliatory reason for discharging Plaintiff and engaging in adverse actions against putative plaintiffs.

78. Defendant's adverse actions against Plaintiff and putative plaintiffs were motivated by retaliation for their assertion of rights protected by the FLSA, in violation of 29 U.S.C. § 215.

79. As a direct result of Defendant's unlawful retaliation, Plaintiff and putative plaintiffs have suffered lost wages, lost benefits, emotional distress, and other damages.

80. Plaintiff and the Retaliation Collective are entitled front pay, backpay, liquidated damages, attorneys' fees, costs, and all other remedies available under the FLSA.

**COUNT III: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF Ark. Code Ann. § 11-4-201 *et seq.***

81. Plaintiff, individually and on behalf of the Rule 23 Class, realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

82. At all relevant times, Defendant was an "employer," and Plaintiff and putative class members were "employees," within the meaning of the Arkansas Minimum Wage Act ("AMWA"). Ark. Code Ann. § 11-4-203.

83. Pursuant to Ark. Code Ann. § 11-4-211(a) employers must pay employees overtime at one and one-half (1.5) times their regular rate for hours worked over forty (40) in a workweek.

84. Plaintiff and putative plaintiffs regularly worked more than forty (40) hours in a workweek while employed by Defendant.

85. Defendant was under the obligation to pay Plaintiff and putative plaintiffs nondiscretionary bonuses, including performance-based or production-based bonuses, during their employment.

86. Defendant failed to include these nondiscretionary bonuses in the "regular rate of pay" when calculating overtime compensation owed to Plaintiff and the putative plaintiffs for hours worked over forty (40) in a workweek.

87. By excluding nondiscretionary bonuses from the regular rate, Defendant underpaid Plaintiff and putative plaintiffs for overtime hours worked.

88. Defendant's failure to pay overtime at one-and-one-half times the properly calculated regular rate constitutes a violation of Ark. Code Ann. § 11-4-211.

89. Defendant's violations were willful because it knew or showed reckless disregard for whether its pay practices complied with federal and state wage laws.

90. As a result of Defendant's unlawful conduct, Plaintiff and the Class Members are entitled to recover unpaid overtime compensation, liquidated damages and statutory remedies available under the AMWA (Ark. Code Ann. § 11-4-218), reasonable attorneys' fees and costs, and all other relief permitted by law.

**COUNT IV: FAILURE TO PAY WAGES DUE UPON TERMINATION IN VIOLATION OF Ark. Code Ann. § 11-4-405**

91. Plaintiff, individually and on behalf of the Rule 23 Class, realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

92. Mr. Arora was terminated by Defendant shortly after inquiring about unpaid bonuses earned under the Phat Tire 2024 Bonus System.

93. Upon information and belief, in addition to Plaintiff, other putative plaintiffs were terminated or separated from employment after earning wages, including earned bonuses and overtime compensation.

94. At the time of termination or separation, Plaintiff and these putative plaintiffs had earned unpaid wages, including nondiscretionary bonuses and overtime amounts.

95. Defendant's withholding of earned wages and bonuses was willful and in bad faith.

96. Pursuant to Ark. Code Ann. § 11-4-405(a), an employer must pay all wages due upon termination on the next regular payday.

97. Defendant failed to pay Plaintiff and similarly situated putative plaintiffs all wages, bonuses, and overtime owed on the next regular payday following termination and did not pay within seven (7) days of the next regular payday.

98. Defendant's failure to timely pay earned wages constitutes a violation of Ark. Code Ann. § 11-4-405 and entitles Plaintiff and the Class to recover all unpaid wages, including bonuses and overtime amounts, together with liquidated damages, including double wages (as provided under § 11-4-405(b)), and attorneys' fees and costs.

**COUNT V: DECLARATORY JUDGMENT PERTAINING TO THE CONSTITUTIONALITY OF ACT 853 (2019)**

99. Plaintiff and the Rule 23 Class seek declaratory relief pursuant to the Arkansas Declaratory Judgment Act, Ark. Code Ann. § 16-111-101 et seq., and Article 4, Amendment 80 of the Arkansas Constitution, regarding the constitutionality of Act 853 (which amended the Arkansas Minimum Wage Act ("AMWA")), *as applied* to this action.

100. Plaintiff's AMWA claims arise from uniform compensation policies that otherwise satisfy the requirements for class treatment under Arkansas Rule of Civil Procedure 23.

101. Act 853 purports to require that AMWA claims proceed exclusively through an opt-in mechanism modeled after 29 U.S.C. § 216(b), rather than pursuant to Rule 23.

102. To the extent Act 853 is applied in this case to prohibit certification under Rule 23 or to require this Court to disregard Rule 23's procedures, such application infringes upon the Arkansas Supreme Court's exclusive constitutional authority to prescribe rules of pleading, practice, and procedure under Amendment 80.

103. Plaintiff challenges the application of Act 853 insofar as it operates to displace Rule 23 procedures in this action.

104. Accordingly, Plaintiff seeks a declaration that Act 853 may not be applied in this case to bar certification or otherwise interfere with this Court's authority to apply Arkansas Rule of Civil Procedure 23.

## V. PRAYER FOR RELIEF

WHEREFORE, Mr. Arora, individually and on behalf of the collective plaintiffs, class plaintiffs, and all others similarly situated, respectfully requests that the Court enter judgment in his favor and against Defendant CBTR Investments, Inc. d/b/a Phat Tire Bike Shop, and award the following relief:

a. Conditional certification of the Bonus and Overtime Collective and Retaliation Collective pursuant to 29 U.S.C. § 216(b), approval of notice, and authorization to issue notice to potential opt-in plaintiffs.

b. Certification of this action as a class action pursuant to Ark. R. of Civ. P. 23, appointment of Plaintiff as Class Representative, and appointment of Plaintiff's counsel as Class Counsel;

c. A declaratory judgment pursuant to Ark. Code Ann. § 16-111-101 et seq. and Article 4, Amendment 80 of the Arkansas Constitution declaring that Act 853 of 2019 is unconstitutional and unenforceable as applied to this case to the extent it purports to impose opt-in collective action procedures that conflict with Arkansas Rule of Civil Procedure 23 and the Supreme Court's exclusive rulemaking authority;
d. An award of unpaid wages, including all earned but unpaid nondiscretionary bonuses and unpaid overtime compensation, to Plaintiff and the putative plaintiffs, in amounts to be proven at trial;
e. Liquidated damages as provided by the FLSA and AMWA, including an amount equal to unpaid wages and overtime, and statutory double damages under Ark. Code Ann. § 11-4-405 where applicable;
f. Prejudgment and post-judgment interest as allowed by law;
g. Compensatory damages for losses suffered as a result of Defendant's unlawful retaliation, including lost wages, lost benefits, and other economic damages;
h. An award of attorney's fees and costs;
i. Punitive damages for willful, malicious, or egregious conduct of Defendant;
j. Trial by jury on all issues to triable; and
k. all other just and proper relief.

Respectfully submitted,
Mason Stephen Arora, Plaintiff

By: /s/Katelynn Bookout
Katelynn Bookout, ABA 2025215
George M. Rozzell IV, ABA 2008032
Miller, Butler, Schneider
Pawlik & Rozzell PLLC
323 W. Spring St.
Fayetteville, AR 72701

(479) 621-0006 –Telephone
(479) 631-6890- Facsimile
Kbookout@arkattorneys.com
Grozzell@arkattorneys.com

EST. 2007 PHAT TIRE BIKE SHOP

# 2024 Bonus System

1. **Profit Bonus**: **$1** per hour if your shop hits its quarterly profit goal. ($500 max) (Employee must avg minimum of 20/hours week, Rental shop staff get double)

2. **Add-on $ Bonus**: $160 avg Add-on = +**$1** per hour ($500 max)
   $235 avg add-on = +**$1.50** per hour ($750 max)
   $300 avg add-on = **$2** per hour ($1,000 max)
   (Minimum of 30 bikes sold per quarter, but if you sell 60+ bikes with these stats, the bonus **doubles**)

3. **Avg Work Order Bonus**: $160 avg W/O = +**$1** per hour ($500 max)
   $235 avg W/O = +**$3** per hour ($1,500 max)
   $275 avg W/O = +**$4** per hour ($2,000 max)
   (Minimum of 80 work orders created per quarter, must have 90%+ labor on Work Orders to qualify, but if you write 200+ W/O with these stats, the bonus **doubles**)

4. **Labor/Hour Bonus**: $35/hr =+**$1** per hour ($500 max)
   $50/hr = +**$4** per hour ($2,000 max)
   $65/hr = +**$8** per hour ($4,000 max)
   (Minimum of 80 work orders completed per quarter)

Requirements for all bonuses: Trek Guide status every month. No unpaid layaways. Bonus only paid on regular hours, not on overtime hours or PTO. Paid quarterly for the total number of regular hours employee worked in the quarter.

tabbies EXHIBIT A

**BEFORE THE ARKANSAS DEPARTMENT OF LABOR AND LICENSING**
**DIVISION OF LABOR**
**STATE OF ARKANSAS**

**MASON ARORA** **CLAIMANT**

**VS.** **CASE NO. 2025-0010**

**PHAT TIRE BIKE SHOP** **RESPONDENT**

---

## ORDER

This matter came before the Arkansas Department of Labor and Licensing on Tuesday, July 1, 2025. Mason Arora, Claimant, appealed an agency finding that zero dollars ($0.00) in unpaid wages were due to him. Mason Arora was present telephonically. Kelly Eager, Director of Human Resources for Phat Tire Bike Shop, Respondent, was present telephonically. No exhibits were offered at the time of the hearing. The wage claim file was accepted into the record with no objections.

## FINDINGS OF FACT

The Claimant, Mason Arora, filed his wage claim with the Arkansas Department of Labor and Licensing on October 17, 2024, claiming that Respondent, Phat Tire Bike Shop ("Phat Tire"), owes him one thousand six hundred sixty-nine dollars and fifty-two cents ($1,669.52) for a bonus earned April 1 through June 30, 2024. The Labor Standards Division, after an investigation, issued a Preliminary Wage Determination Order on January 8, 2025, finding Claimant was owed zero dollars ($0.00). Claimant filed his Notice of Appeal and Request for Hearing on January 22, 2025.

At the appeal hearing, Mr. Arora testified he was employed by Phat Tire as a production technician from September 19, 2023 through October 2024. He was paid an hourly rate of seventeen dollars ($17.00) and was eligible for quarterly bonuses. Mr. Arora testified he worked



EXHIBIT
tabbies
B

417.38 hours from April 1 through June 30, 2024 and was eligible to be paid for three bonuses under Phat Tire's 2024 Bonus System: Profit Bonus, Average Work Order Bonus, and Labor/Hour Bonus. Mr. Arora testified he received the Profit Bonus and Labor/Hour Bonus. Mr. Arora stated he is seeking compensation for the Average Work Order Bonus. Mr. Arora testified he met the qualifications to receive the bonus as outlined on the 2024 Bonus System sheet: first, he maintained Trek Guide status all three months; second, there were no unpaid layaways; and thirdly he had an average work order of three hundred and thirteen dollars ($313.00) which was above the required amount of two hundred and seventy-five dollars ($275.00). Mr. Arora testified he is owed the Average Work Order Bonus of four dollars ($4.00) per hour for 417.38 hours for a total of one thousand six hundred sixty-nine dollars and fifty-two cents ($1,669.52).

Kelly Eager, Director of Human Resources for Phat Tire Bike Shop, located in Fayetteville, Arkansas, testified on behalf of Respondent. Mr. Eager testified that there were low value tickets missing on Claimant's quarterly numbers and after an internal investigation into all store employees Claimant and another employee were not paid the Average Work Order Bonus because their actions were found to be dishonest. Mr. Eager testified that there were conditions outlined on the 2024 Bonus System sheet that Claimant met, but the company has an overarching guideline in section 201 of the employee handbook that states: "In the conduct of PTBS (Phat Tire Bike Shop) business, PTBS expects and requires honesty from every employee in all dealing with the public PTBS, and fellow staff members. Dishonest acts or deliberate policy violations, irrespective of an employee's level of performance, are grounds for immediate termination." Mr. Eager testified based on the handbook Phat Tire could have terminated Claimant and other employees involved but used it as a teaching moment instead. Mr. Eager stated Claimant was eligible for and paid the Profit Bonus and Labor/Hour Bonus for the second quarter of 2024.

## CONCLUSIONS OF LAW

1. Upon application of either an employer or employee, the Director of the Division of Labor of the Arkansas Department of Labor and Licensing or any person authorized by the Director shall have authority to inquire into, hear, and decide disputes arising from wages earned and shall allow or reject any deduction from wages. Ark. Code Ann. 11-4-303(a).

2. After final hearing by the Director or person appointed by him, a copy of findings and facts and any award shall be filed at the Arkansas Department of Labor and Licensing, Division of Labor. Ark. Code Ann. 11-4-303(b).

3. The amount of the award of the Director shall be presumed to be the amount of wage, if any, due and unpaid to the employee. Ark. Code Ann. 11-4-303(c).

4. The wage claimant carries the burden of proof in any claim of unpaid wages.

5. The employer carries the burden of proof in any set-off or affirmative defense.

6. The Claimant, Mason Arora, testified he was employed by Phat Tire from April 1 through June 30, 2024 and did not receive his Average Work Order Bonus. Mr. Arora testified he met the qualifications outlined on the 2024 Bonus Sheet to receive a four dollar ($4.00) per hour bonus on the 417.38 he worked from April 1 through June 30, 2024 and is owed one thousand six hundred sixty-nine dollars and fifty-two cents ($1,669.52).

7. Kelly Eager, Director of Human Resources for Phat Tire Bike Shop, in Fayetteville, Arkansas testified on behalf of Respondent. Mr. Eager testified that Mr. Arora was disqualified from receiving the Average Work Order Bonus because he was dishonest and violated Phat Tire's overarching guideline of honesty in the workplace.

8. Based upon the evidence and testimony presented, Claimant has met his burden of proof showing he is owed the Average Work Order Bonus of four dollars ($4.00) per hour for the second

quarter of 2024. Claimant worked 417.38 hours the second quarter of 2024 (April 1 – June 30). Claimant met the requirements outlined on the Phat Tire 2024 Bonus System: Claimant maintained Trek Guide status every month, Claimant had no unpaid layaways, and Claimant had an average work order of three hundred and thirteen dollars ($313.00) which is above the minimum requirement of two hundred and seventy-five dollars ($275.00). Respondent agreed that Claimant met the requirements to be paid out the Average Work Order Bonus and Claimant was paid out two other bonuses: Profit Bonus and Labor/Hour Bonus. Respondent argued that Claimant was dishonest because low value tickets were missing on Claimant's quarterly numbers but did not provide clarification as to what a target number of required low value tickets was or the number Claimant had in previous quarters to show a decrease, and could not articulate where a decrease in low value tickets disqualified Claimant or any employee from receiving a bonus when all requirements outlined on the bonus sheet were met. Respondent highlighted Section 201 of its employee handbook that reads: "In the conduct of PTBS (Phat Tire Bike Shop) business, PTBS expects and requires honesty from every employee in all dealing with the public, PTBS, and fellow staff members. Dishonest acts or deliberate policy violations, irrespective of an employee's level of performance, are grounds for immediate termination." Respondent admitted it did not follow its own policy when questions arose over second quarter numbers for its employees and instead of terminating all employees it used it as a teaching moment. Even if Respondent would have terminated all employees, their 2024 Bonus System is clear in the requirements that must be met to receive one or all four of the bonuses and honesty of the employee is not a requirement. Claimant met the qualifications for three of the bonuses and was paid for two bonuses, Profit Bonus and Labor/Hour Bonus, and is owed an additional four dollars ($4.00) per hour for meeting the requirements to receive the Average Work Order Bonus. Claimant is owed and four dollars ($4.00)

per hour for the 417.38 hours he worked in the second quarter of 2024 for a total of one thousand six hundred sixty-nine dollars and fifty-two cents ($1,669.52).

Based upon the evidence and testimony presented, judgement is entered for the Claimant in the amount of one thousand six hundred sixty-nine dollars and fifty-two cents ($1,669.52). The Respondent is directed to issue a cashier's check or money order payable to the Arkansas Department of Labor and Licensing and reference Claimant, Mason Arora, in the amount of one thousand six hundred sixty-nine dollars and fifty-two cents ($1,669.52) within ten (10) days of the receipt of this Order and mail it to the Arkansas Department of Labor and Licensing, Labor Standards Division, 900 W. Capitol Ave. Suite 400, Little Rock, Arkansas 72201.

**IT IS SO ORDERED.**

Ralph Hudson
Director of the Division of Labor

BY: Heidi Massey

Heidi Massey, Hearing Officer
Arkansas Department of Labor and Licensing, Division of Labor
900 West Capitol Ave. Suite 400
Little Rock, AR 72201

DATE: 7/10/2025

2024-07-03
*** 1194.34

Mason Arora
***** one thousand one hundred ninety-four point three four

Mason Arora
Mason S Arora

**EMPLOYER**
Phat Tire Bike Shop

**PAY PERIOD**

| | |
|---|---|
| Period Beginning | 2024-06-09 |
| Period Ending: | 2024-06-22 |
| Pay Date: | 2024-07-03 |
| Total Hours: | 77.52 |

**EMPLOYEE**
**Mason Arora**
Mason S Arora

| OTHER PAY | Current | YTD |
|---|---|---|

**MEMO: Direct Deposit**

| BENEFITS | Used | Available |
|---|---|---|

**NET PAY: $1194.34**

| PAY | Hours | Rate | Current | YTD |
|---|---|---|---|---|
| Hourly | 77.32 | 18.45 | 1430.49 | 16617.09 |
| Hourly overtime (x1.5) | 0.2 | 27.68 | 9.23 | 14.63 |
| Bonus | | 0.0 | 0.0 | 5435.63 |

| ADJUSTMENTS | Current | YTD |
|---|---|---|

| TAXES | Current | YTD |
|---|---|---|
| AR - Income Tax | 39.23 | 667.88 |
| Social Security Employee | 89.27 | 1368.18 |
| Medicare Employee | 20.88 | 319.98 |
| Medicare Employee Addl Tax | 0.0 | 0.0 |
| Federal Withholding | 96.0 | 1866.0 |

| SUMMARY | Current | YTD |
|---|---|---|
| Total Pay | 1439.72 | 22067.35 |
| Taxes | 245.38 | 4222.04 |
| Adjustments | 0 | 0 |

**Net Pay $1194.34**

EXHIBIT
tabbies
C

2024-10-24
*** 967.1

Mason Arora
***** nine hundred sixty-seven point one

Mason Arora
Mason S Arora
Fayetteville, AR 72701

**EMPLOYER**
Phat Tire Bike Shop

**PAY PERIOD**

| | |
|---|---|
| Period Beginning | 2024-09-29 |
| Period Ending: | 2024-10-12 |
| Pay Date: | 2024-10-24 |
| Total Hours: | 61.13 |

**EMPLOYEE**
**Mason Arora**

| OTHER PAY | Current | YTD |
|---|---|---|

**MEMO: Direct Deposit**

| BENEFITS | Used | Available |
|---|---|---|

**NET PAY: $967.1**

| PAY | Hours | Rate | Current | YTD |
|---|---|---|---|---|
| Hourly | 59.57 | 18.45 | 1106.08 | 25440.19 |
| Hourly overtime (x1.5) | 1.16 | 27.68 | 35.06 | 49.69 |
| Bonus | | 0.0 | 0.0 | 9234.08 |

| ADJUSTMENTS | Current | YTD |
|---|---|---|

| TAXES | Current | YTD |
|---|---|---|
| Social Security Employee | 70.76 | 2152.89 |
| AR - Income Tax | 25.73 | 1052.11 |
| Medicare Employee Addl Tax | 0.0 | 0.0 |
| Medicare Employee | 16.55 | 503.5 |
| Federal Withholding | 61.0 | 3038.0 |

| SUMMARY | Current | YTD |
|---|---|---|
| Total Pay | 1141.14 | 34723.96 |
| Taxes | 174.04 | 6746.5 |
| Adjustments | 0 | 0 |

**Net Pay** **$967.1**

**IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS**
**4TH CIRCUIT DIVISION 1**

MASON STEPHEN ARORA V CBTR INVESTMENTS

72CV-26-1172

# SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

CBTR INVESTMENTS, INC.D/B/A PHAT TIRE BIKE SHOP
106 EAST CENTRAL AVENUE
Bentonville, AR 72712

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Katelynn Nicole Bookout, Esq.
323 W. Spring Street
Fayetteville, AR 72701

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:

CLERK OF COURT

Cassandra Fields

SEAL OF CIRCUIT COURT ARKANSAS WASHINGTON COUNTY

CASSANDRA FIELDS, DC

Date: 03/16/2026

Address of Clerks Office

KYLE SYLVESTER, CIRCUIT CLERK
CIRCUIT COURT OF WASHINGTON COUNTY
280 NO. COLLEGE, #302
FAYETTEVILLE, AR 72701

No. 72CV-26-1172 This summons is for CBTR INVESTMENTS, INC.D/B/A PHAT TIRE BIKE SHOP (name of Defendant).

PROOF OF SERVICE

❑ On __________________ [date] I personally delivered the summons and complaint to the defendant at ____________________________________________________ [place]; or

❑ After making my purpose to deliver the summons and complaint clear, on __________________ [date] I left the summons and complaint in the close proximity of the defendant by _______________________________________________________________ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

❑ On __________________ [date] I left the summons and complaint with ___________________, a member of the defendant's family at least 18 years of age, at ____________________________ [address], a place where the defendant resides; or

❑ On __________________ [date] I delivered the summons and complaint to ___________________ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of ____________________________ [name of defendant]; or

❑ On __________________ [date] at ______________________________ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with

____________________________________________________________________________________

[name and job description]; or

❑ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❑ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❑ Other [specify]:

___________________________________________________________________________________

❑ I was unable to execute service because:

___________________________________________________________________________________

___________________________________________________________________________________

My fee is $ ____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _______________ SHERIFF OF ________ COUNTY, ARKANSAS

By: ______________________________
[Signature of server]

__________________________________
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _______________ By: ______________________________
[Signature of server]

__________________________________
[Printed name]

Address: _______________________________________________________________
_______________________________________________________________

Phone: ______________________________

Subscribed and sworn to before me this date: ______________

_______________________________
Notary Public

My commission expires: ____________________

Additional information regarding service or attempted service:
_________________________________________________________________________________
_________________________________________________________________________________